IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02047-MSK-MJW

ELISHA D. ISHA,

Plaintiff,

v.

NORDSTROM,

Defendant.

**RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS AND FOR ORDER COMPELLING
ARBITRATION OR, IN THE ALTERNATIVE, TO STAY ACTION PENDING
ARBITRATION (Docket No. 15)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 9) issued by Chief Judge Marcia S. Krieger on August 19, 2013.

**PLAINTIFF'S ALLEGATIONS**

*Pro se* plaintiff Elisha D. Isha asserts the following in her Title VII Complaint (Docket No. 1). Plaintiff began her employment with Defendant Nordstrom in May 2012. She lost her job in July 2012. Plaintiff alleges she lost her job because of her culture and national origin. Plaintiff makes a single claim for national origin discrimination under Title VII.

**PENDING MOTION**

Now before the court for a report and recommendation is Defendant's Motion to Dismiss and for Order Compelling Arbitration or, in the Alternative, to Stay Action

2

Pending Arbitration (Docket No. 15).  Defendant argues plaintiff's claim is subject to binding arbitration, and as such, this matter should be dismissed without prejudice.  Alternatively, defendant argues the matter should be stayed while arbitration is pending.

The court has carefully considered the Complaint (Docket No. 1), the motion to dismiss (Docket No. 15), plaintiff's response (Docket No. 19), and defendant's reply (Docket No. 20).  In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

## ANALYSIS

Under the Federal Arbitration Act ("FAA"), agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 4.  The FAA mandates a stay of a judicial proceeding where the parties have executed a written arbitration agreement covering the dispute.  9 U.S.C. § 3.[1]  The court is authorized by 9 U.S.C. § 4 to compel arbitration when it would have jurisdiction over a suit on the underlying dispute.  See generally Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-27 (1983).

Whether parties have agreed to arbitration, and the scope of that agreement, is generally determined under contract principles.  First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995).  A court must assure itself that the parties actually agreed to

---

[1] Assuming this court were to find that plaintiff's claim is subject to arbitration, 9 U.S.C. § 3 directs the court to stay this action while arbitration proceeds.  Therefore, to the extent that defendant seeks dismissal of the case, the request is premature.

3

arbitrate a particular dispute, but, once that finding is made, doubts as to the scope of the agreement to arbitrate should be resolved in favor of arbitration.  <u>Spahr v. Secco</u>, 330 F.3d 1266, 1267-70 (10th Cir. 2003).  Under Colorado law, interpretation of a contract is a question of law.  <u>Ad Two, Inc. v. City & County of Denver</u>, 9 P.3d 373, 376 (Colo. 2000).

Defendant included the subject arbitration agreement (Docket No. 15-1) to its motion to dismiss (Docket No. 15).  The same arbitration agreement is included on pages 35-37 of plaintiff's Complaint (Docket No. 1).  The agreement was electronically signed by plaintiff on May 10, 2012.  Included in the agreement is the following:

> This Agreement is intended to apply to the resolution of past, present, and future disputes that would otherwise be resolved in a court of law and requires that all such disputes be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial except as otherwise stated in this Agreement. The Agreement applies without limitation to disputes regarding the employment relationship, trade secrets, unfair competition, compensation, breaks and rest periods, *termination, discrimination*, retaliation (including retaliation under the Employee Retirement Income Security Act of 1974) or harassment and claim arising under the Uniform Trade Secrets Act, *Civil Rights Act of 1964*, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Genetic Information Non-Discrimination Act, and other state and local statutes, addressing the same of similar subject matters, and all other state statutory and common

law claims.

Docket No. 15-1, p. 2 (emphasis added).

In her response (Docket No. 19), plaintiff does not dispute that the arbitration agreement would cover her claim in this matter; the plain terms of the agreement clearly apply to Title VII discrimination claims such as plaintiff's. Plaintiff, however, states that she does not recall signing the arbitration agreement. Rather, she remembers that most of the documents she signed were related to work and benefits. Accordingly, plaintiff appears to disputes the existence of an enforceable arbitration agreement.

First, as pointed out by defendant, it is difficult to square plaintiff's assertion that she does not remember signing the agreement with the fact that she included the agreement with her complaint. Regardless, plaintiff's statement that she does not remember signing the agreement, even taken as true, is not material to the court's determination on whether the agreement is enforceable. See Gonzales v. J.C. Penney Corp., Inc., 2013 WL 1798684, at *4 (N.D.Okla. Apr. 29, 2013) (compelling arbitration where "the essence of [the plaintiff's] argument is that since she does not remember signing the agreement . . . someone else must have electronically signed it."). Plaintiff does not dispute the authenticity of the agreement or her electronic signature, and does not directly deny signing the document. See Cayanan v. City Holdings, Inc., 928 F. Supp. 2d 1182, 1203 (S.D.Cal. 2013) ("Although [the plaintiff] states she does not remember signing the agreements, she does not present evidence that she in fact did not sign or receive the agreements . . . and further does not argue that the signatures are not hers - she only contends she does not remember signing the documents.").

Accordingly, the court finds that an enforceable arbitration agreement governing

plaintiff's claim exists between the parties.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendant's Motion to Dismiss and for Order Compelling Arbitration or, in the Alternative, to Stay Action Pending Arbitration (Docket No. 15) be **GRANTED IN PART AND DENIED IN PART**. Specifically, defendant's motion should be **GRANTED** to the extent it seeks to stay the proceedings pending arbitration. The parties should proceed to arbitrate the claims in this case in accordance with the Arbitration Agreement. Pursuant to 9 U.S.C. § 3, the case should be **STAYED** in all respects pending arbitration, and for administrative purposes, the Clerk of the Court should close this case consistent with D.C.COLO.LCivR 41.2. Defendant's request that the case be dismissed should be **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.**

6

**Makin v. Colo. Dep't of Corr.**, 183 F.3d 1205, 1210 (10th Cir. 1999); **Talley v. Hesse**, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Date:  November 7, 2013         s/ Michael J. Watanabe  
        Denver, Colorado             Michael J. Watanabe  
                                       United States Magistrate Judge